UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                              **ORDER**

       v.                                      6:23-CR-06004 EAW

KYLE BERTRAND,

               Defendant.
_____

      Pending before the Court is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by defendant Kyle Bertrand ("Defendant"). (Dkt. 36). In support of the motion, Defendant concedes that he has failed to exhaust administrative remedies as required by the statute before filing the motion, but requests that if the government does not waive the requirements, the "case be excepted from the exhaustion requirement . . . [because] [i]t was only recently that [Defendant's] mother became immensely concerned for her health and well-being, and with winter quickly approaching the time it would take to exhaust administrative relief would defeat the purpose of this motion." (*Id*. at 5). Defendant argues that, as a result, exhaustion would be "futile if not impossible." (*Id*.). In response, the government does not waive the exhaustion requirement and insists that the motion should be denied for failure to exhaust. (Dkt. 40 at 3-4). The Court agrees.

      Section 3582(c)(1)(A) allows the grant of compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a

failure of the [BOP] . . . to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." This exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government. *See United States v. Saladino*, 7 F4th 120, 123 (2d Cir. 2021). Here, the government has neither waived nor forfeited the requirement. Furthermore, while the Second Circuit has not expressly resolved the issue of whether the exhaustion requirement is waivable by a court even in the face of the government's objection, *United States v. Robinson*, No. 10-CR-789 (NGG) (S-3), 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022); *c.f. United States v. Sellick*, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (suggesting in dicta that court could only excuse a failure to exhaust with a waiver by the government), in the present case Defendant has failed to adequately justify his failure to exhaust. His claims that exhaustion would be "futile if not impossible" are conclusory and without adequate support in the record. Thus, the Court would not excuse the administrative exhaustion requirement even if it concluded it could do so.

Accordingly, Defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 17, 2023
       Rochester, New York